**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 13a0992n.06**

**No. 13-1711**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MICHAEL D. SHEEKS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| COMMISSIONER OF SOCIAL SECURITY | ) | EASTERN DISTRICT OF MICHIGAN |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

**FILED**
Nov 20, 2013
DEBORAH S. HUNT, Clerk

Before:  MOORE, GIBBONS and SUTTON, Circuit Judges.

SUTTON, Circuit Judge.  Michael Sheeks appeals an administrative law judge's denial of his application for social-security disability benefits.  We affirm.

I.

Some disability claims start with a single incident—an unexpected accident or the sudden onset of a disease that cuts short the claimant's working years.  Others arise from an accumulation of problems over a period of years.  Michael Sheeks' claim falls in the latter category.  He allegedly stopped working after the mounting effects of several health challenges proved too much.

He applied for supplemental security income in 2007.  Such claims require proof of disability, which in this context means an inability to perform substantial, gainful and available work because of severe mental or physical impairments that have lasted or will last longer than a year.

*See* 42 U.S.C. § 1382c(3)(A). Sheeks based his disability claim on his intellectual disabilities, anxiety, seizures, insomnia, chest pain, carpal tunnel syndrome and enlarged prostate. The Social Security Administration denied his claim, and he requested a hearing before an ALJ. After a hearing, the ALJ found that Sheeks was not disabled. The ALJ's decision became the Commissioner of Social Security's final decision when the Social Security Appeals Council denied his request for review.

Sheeks sought review of that decision in federal district court. *See* 42 U.S.C. § 405(g). The district court affirmed the denial of benefits. Sheeks appealed.

II.

We give fresh review to the district court's decision and ask whether the ALJ applied the correct legal rules to reach a decision supported by substantial evidence. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013).

This appeal concerns (for the most part) the ALJ's consideration of the disability listings, which follow this sequence. The ALJ asks whether the claimant automatically falls outside the disabled category due to current substantial gainful employment or a lack of a qualifying severe impairment. 20 C.F.R. § 416.920(a)(4)(i)-(ii). If not, the ALJ flips the inquiry and asks whether the claimant satisfies a listed disability. *Id.* § 416.920(a)(4)(iii). If no listed disability applies, the ALJ determines the extent of the claimant's limitations and asks whether, given those limitations, jobs

exist that the claimant could perform.  Answering no results in a finding of disability and an award

of benefits; answering yes results in a denial of the claim.  *Id.* § 416.920(a)(4)(iv)-(v).

The disability listings contain over a hundred conditions "severe enough to prevent an

individual from doing any gainful activity, regardless of his or her age, education, or work

experience." *Id.* § 416.925(a).  The listings thus "streamline[] the decision process" by shifting the

focus away from the individual's ability to work and onto his impairments.  *Bowen v. Yuckert*, 482

U.S. 137, 153 (1987).  If a claimant's impairments meet or equal a listed condition, the ALJ must

find him disabled.  *See* 20 C.F.R. § 416.920(a)(4)(iii); *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

At issue here is listing 12.05(C), which covers mental retardation (now called intellectual

impairment).  The listing contains four requirements:  (1) "significantly subaverage general

intellectual functioning," (2) "deficits in adaptive functioning," (3) evidence that the condition began

before age twenty-two and (4) a valid IQ score of seventy or below along with a "physical or other

mental impairment imposing an additional and significant work-related limitation."  20 C.F.R., Pt.

404, Subpt. P, App. 1, § 12.05(C).

The ALJ's decision does not discuss listing 12.05(C).  In defense of the ALJ, Sheeks did not

mention the listing in the administrative proceeding.  He raised it for the first time at the district

court and has stayed the course in pressing it here.  The government does not claim that Sheeks has

forfeited the argument.  Because a potential forfeiture may itself be forfeited, *see United States v.*

*Turner*, 602 F.3d 778, 783 (6th Cir. 2010), we (like the district court) may decide whether the listing

applies to this case.

The relevant regulations require the ALJ to find a claimant disabled if he meets a listing. Yet

they do not require the ALJ to address every listing—and with ample reason. There are a hundred

or so listings. In the normal course, as a result, the ALJ need not discuss listings that the applicant

clearly does not meet, especially when the claimant does not raise the listing before the ALJ. If,

however, the record "raise[s] a substantial question as to whether [the claimant] could qualify as

disabled" under a listing, the ALJ should discuss that listing. *Abbott v. Sullivan*, 905 F.2d 918, 925

(6th Cir. 1990).

Sheeks claims that the record raises a "substantial question" over whether he meets

12.05(C)—the mental-retardation listing. In doing so, he notes that the ALJ's finding that he had

borderline intellectual functioning, a lesser diagnosis than mental retardation, does not rule out the

possibility of a finding of mental retardation. That is true, as the Commissioner concedes. But

Sheeks must do more than show that the ALJ's decision leaves open the question whether he meets

listing 12.05(C). He must show that the open question is a *substantial* one that justifies a remand.

*Abbott*, 905 F.2d at 925. He has not done so.

Sheeks makes only a tenuous case for meeting listing 12.05(C). Take his evidence in support

of the listing's third requirement: onset before age twenty-two. As to "significantly subaverage

general intellectual functioning," Sheeks points only to his special education classes and his failure

to finish high school. Sheeks testified that he attended special education classes "in elementary school" because he "couldn't see [and] couldn't pay attention" as a child. AR at 45. Yet Sheeks did not attend special education classes in high school. And while he did leave high school in the eleventh grade, he eventually earned a GED. As to "deficits in adaptive functioning," Sheeks does not flag any record evidence suggesting he had trouble caring for himself or handling social situations before age twenty-two. *See West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 698 (6th Cir. 2007) (suggesting that adaptive functioning refers to the "claimant's effectiveness in areas such as social skills, communication, and daily living skills"). A substantial question about whether a claimant meets a listing requires more than what Sheeks has put forth here, a mere toehold in the record on an essential element of the listing. The ALJ thus did not commit reversible error in failing to discuss the listing.

Sheeks' two other claims on appeal are easily turned aside. Sheeks takes issue with the ALJ's characterization of a report by examining psychologist Dr. Mills. What matters, however, is whether substantial evidence supports the ALJ's conclusion about Sheeks' abilities. It does. Dr. Mills concluded that Sheeks' "ability to understand, retain, and follow simple instructions and perform simple, repetitive, and routine tasks appears mildly impaired." AR at 411. Two non-examining psychiatrists reported no significant limitations on Sheeks' ability to perform simple, routine, repetitive tasks. Based on all three reports, the ALJ concluded that Sheeks could perform only "simple, routine, repetitive work tasks." *Id.* at 23. Sheeks also faults the ALJ for not considering his carpal tunnel related limitations. But the ALJ noted Sheeks' symptoms, found that

Sheeks could perform "light work that does not involve overhead work with the right arm . . . [or] lifting at or above shoulder level," AR at 30, and incorporated those limitations into his hypothetical questions to the vocational expert

III.

For these reasons, we affirm.